## WARE & DRENNEN VS. KELLY.

It is no bar to an action on a note given to a Common School Commissioner or to his successor, and sued on in the name of such successor, that the note was given for money to be used by the commissioner himself, and that he had promised to give the obligors an indemnity, which he had failed to do.

It is no error to refuse a continuance applied for on the ground of the absence of witnesses, whose testimony, if present, would not avail to the material defence of the party making the application.

The law subjecting debtors to the Common School fund, upon default of payment, to the per cent. interest on principal and interest reserved, is not subject to legal objection.

A promissory note is of itself evidence of consideration.

### Appeal from Union Circuit Court.

Hon. LEN B. GREEN, Circuit Judge.

CARLETON, for appellants.

HEMPSTEAD, contra.

Mr. Justice Fairchild delivered the opinion of the Court.

To an action of assumpsit upon a note executed by William M. Ware and Shadrick D. Drennen to John L. May, Common School Commissioner of Union county, or to his successor in office, Ware and Drennen pleaded in bar of the action brought by Kelly, as successor of May, that May represented to them, Drennen and Ware, that he wished to use the money in his hands as School Commissioner, and that if they would give their note for it, so that he could have the money, he would indemnify them against loss from the note by a mortgage on property, or by bond and security, to which they agreed, and executed the note, but upon condition that May should make them secure as he promised, before he should use the note, or put it in circulation ; which he had not done and refused to do, and had turned the note over to his successor in office. A demurrer was sustained to this plea, which is one of the grounds of complaint preferred by the appellants.

It was not essential that Ware and Drennen should reap any benefit from their agreement with May, or from the money drawn by the note sued on, to afford a valuable consideration for the note. The School fund parted with its money and for the note of Ware and Drennen, and if May violated his agreement with them, and obligation to them, in leaving them exposed to hazard, May was not the agent of the fund, to make it stand in his place, to atone for his faithlessness to Ware and Drennen. The agreement stated in the plea was no defence to the note. Such a disposition of the School fund might be expected to be ruinous to it, was impolitic in its example, if safe in its consequences, was illegal and immoral in diverting the fund from its proper course, which was to be loaned out by May to others, upon undoubted security, not to appropriate it to his individual use.

The demurrer to the plea was well sustained.

Aside from the practice of this court, not to control the discretion of the Circuit Courts in refusing continuances except upon evident wrong done to the applicant, Ware's motion for a continuance discloses, that the evidence he expected from the

absent witness was not pertinent to establish a legal defence to the note. It would have supported the plea that was properly quashed on demurrer; but if the witnesses had been present, and had testified as the affidavit for a continuance stated they would, their testimony would, or should have been disregarded on trial of the cause.

Whether the pleas and affidavit for continuance of the appellants should have been excluded from the jury, when offered in evidence by Kelly against the appellants, we need not decide, for they did not increase the verdict, and without them, the note itself was ample evidence of the indebtedness of the appellants to the School fund; and there was other evidence in the case whence the jury might suppose that Kelly was the successor of May, and as Common School Commissioner of Union county, entitled to the possession and management of the School fund.

Our laws frequently visit defaulting officers and debtors with penalties, in the shape of a higher interest than was contracted for, and more than the law implies for the detention of money without a contract. As officers that sell property under execution, and do not pay over the money, are subject to pay the amount of the sale, lawful interest thereon, and damages at ten per cent. a month, *Gould's Dig., chap.* 68, *sec.* 76 ; *Borden vs. The State,* 4 *Eng.* 256. Officers required to settle with courts, and pay the amounts due to the collector, and who fail to pay, forfeit five per cent. a month. *Gould's Digest, chapter,* 148, *section* 79. And by section 99 of the same chapter, the default of a collector produces a forfeiture of commissions, the payment of twenty per cent. on the amount and interest on the amount withheld at five per cent. a month. So in other cases, as was considered in *Goree vs. The State* and *Lee vs. The State,* decided at the present term. And with regard to Bank debtors, it was provided that notwithstanding full legal interest was payable, if payment was made without suit or protest, that after suit or protest, ten per cent. per annum interest was recoverable. *Sec.* 3 *to act supplemental to act incorporating the Bank of the State of Arkansas, approved 3d March,* 1838. And

the Real Estate Bank, as well as its debtors, was made subject to a penalty of this sort for not paying its notes, or funds received on deposit. *Real Estate Bank, charter, sec.* 38 ; *Ringo vs. Biscoe,* 13 *Ark.* 585.

The provision that debtors to the School fund for lands bought or for money borrowed, are to pay interest at ten *per cent. per annum* on the principal and interest reserved in the note, is not subject to any legal objection. If debtors do not wish to incur the penalty of the 66th section, they can pay the principal and interest reserved by contract under the 65th section. *Gould's Dig. chap.* 154. The law was in force when the note in suit was made.

Ware, with Drennen, had pleaded one plea of no consideration, and there was no propriety in his encumbering the record with another plea of the same nature. The note was itself evidence of consideration, which the plea of no consideration did not rebut. *Richardson vs. Comstock,* 21 *Ark.* 76.

Other objections to the judgment are urged, but none that ought to affect it. The defense below, and appeal here, present no meritorious grounds to relieve the appellants from the payment of their note.

Let the judgment be affirmed.